IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| BEATRICE BIODIESEL, LLC, ) | |
| ) | CASE NO. BK08-41927-TLS |
| Debtor(s). ) | A09-4009-TJM |
| RICK D. LANGE, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| HOME FEDERAL SAVINGS BANK, ) | |
| a federally chartered stock savings bank; and ) | |
| AGSTAR FINANCIAL SERVICES, PCA, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on cross-motions for summary judgment by Home Federal Savings Bank (Fil. #15) and joined by AgStar Financial Services, PCA (Fil. #49), and the Chapter 7 trustee (Fil. #21). Brian S. Kruse represents the Chapter 7 trustee; Thomas Ostdiek represents Home Federal Savings Bank; and T. Randall Wright represents AgStar Financial Services. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

Home Federal's motion is granted. The trustee's motion is denied.

The trustee filed this adversary proceeding to avoid the defendants' liens on or claims to the debtor's real and personal property. He alleges that the individual who executed various notes, security agreements, and deeds of trust on behalf of the debtor had no legal authority to do so, rendering those encumbrances invalid.

Home Federal Savings Bank has moved for summary judgment, on the basis that the person who signed the deed of trust had actual authority to bind the debtor, that the deed of trust was properly acknowledged, and that its recordation constituted actual notice to the trustee of the bank's lien.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A summary

judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. Tiffey v. Speck Enter., Ltd., 418 F. Supp. 2d 1120, 1123 (S.D. Iowa 2006). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "We look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting Anderson, 477 U.S. at 248); Ries v. Wintz Props., Inc. (In re Wintz Cos.), 230 B.R. 848, 858 (B.A.P. 8th Cir. 1999). In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record, without resorting to speculation. Hitt v. Harsco Corp., 356 F.3d 920, 923-34 (8th Cir. 2004).

The following facts are uncontroverted:

1. The trustee is the duly appointed and qualified Chapter 7 bankruptcy trustee of the bankruptcy case of Beatrice Biodiesel, LLC, which the debtor filed as a Chapter 11 case on August 21, 2008, and which was converted to Chapter 7 on October 21, 2008.

2. The debtor was organized on January 9, 2006, as a Nebraska limited liability company.

3. Defendant Home Federal Savings Bank of Sartell, Minnesota, is a federally chartered stock savings bank organized under the laws of the United States.

4. Defendant AgStar Financial Services, PCA, is the servicing agent for Home Federal with regard to the loans to Beatrice Biodiesel that are the subject of Claim No. 69.

5. AgStar, as servicing agent for and on behalf of Home Federal, filed Claim No. 69.

6. Venue in this court is proper pursuant to 28 U.S.C. § 1409(a).

7. The trustee has the authority and the duty to determine the existence or absence of liens upon property of the debtor's bankruptcy estate.

8. After December 8, 2006, and at all times relevant hereto, the manager of the debtor was U.S. Canadian Biofuels, Inc. ("USCB") of Green Bay, Wisconsin.

9. After December 8, 2006, and at all times relevant hereto, Carla O. Andres was the vice-president and secretary of the debtor and was also the vice-president and secretary of USCB.

10. On or about January 26, 2007, Home Federal agreed to lend the debtor up to approximately $33,000,000.00 for the construction of a biodiesel facility near Beatrice, Nebraska.

11. In connection with the loan from Home Federal, on or about January 26, 2007, Ms. Andres executed the following documents (among others) (collectively the "Loan Documents"):

    a. Master Loan Agreement, which included a First Supplement to Master Loan Agreement (Construction and Term Loan), a Second Supplement to Master Loan Agreement (Term Revolving Loan), and a Third Supplement to Master Loan Agreement (Revolving Line of Credit Loan)

    b. Promissory Note in the original principal amount of $28,000,000.00

    c. Promissory Note in the original principal amount of $5,000,000.00

    d. Promissory Note in the original principal amount of$5,000,000.00

    e. Construction Deed of Trust, Security Agreement and Assignment of Leases and Rents, stating that it secures a loan of up to a maximum principal balance of $33,000,000.00.

12. On or about January 26, 2007, the president and sole director of USCB executed a Consent of Board of Directors of US Canadian Biofuels, Inc., which, among other things, authorized USCB officers to execute documents necessary to the financing transaction with Home Federal.

13. On or about January 26, 2007, Ms. Andres, for USCB, executed a Consent of Manager of Beatrice Biodiesel, LLC, by which she and two Beatrice Biodiesel management employees were authorized to execute documents, pledge property, and take other actions in connection with the Home Federal financing arrangement.

14. On each of the relevant documents, Ms. Andres signed for "BEATRICE BIODIESEL, LLC, a Nebraska limited liability company, By: Carla O. Andres, Its: Vice President and Secretary."

15. The Construction Deed of Trust, Security Agreement and Assignment of Leases and Rents was filed in the Office of the Register of Deeds of Gage County, Nebraska, on January 29, 2007, as Instrument No. 2007-0391.

16. On or about May 10, 2007, Ms. Andres on behalf of the debtor, and Home Federal and AgStar Financing executed a First Amendment to Construction Deed of Trust, Security Agreement and Assignment of Leases and Rents, which was recorded in the Office of the Register of Deeds of Gage County, Nebraska on May 25, 2007, as Instrument No. 2007-2009.

17. Home Federal advanced more than $30,000,000.00 to or on behalf of the debtor pursuant to the terms of the Loan Documents. The funds were used to build the biodiesel facility, which is

largely complete but not in operation.

The trustee has the avoiding powers of a lien creditor and as such, holds an interest superior to that of the holder of an unperfected security interest. 11 U.S.C. § 544(a). He may avoid transfers that are voidable under applicable law; in this case, the trustee contends that under Nebraska's Limited Liability Company Act, instruments of encumbrance must be executed by a manager of a limited liability company to be valid. Neb. Rev. Stat. § 21-2617.[1] In this case, Beatrice Biodiesel's sole member and manager was USCB. Ms. Andres signed the master loan agreement; first, second, and third supplements; construction note; term revolving note; revolving line of credit note; and construction deed of trust, security agreement and assignment of leases and rents as the vice-president and secretary of Beatrice Biodiesel. Because she signed the documents in her capacity as an officer of the debtor, rather than as an officer of USCB, the trustee argues, the security interest is not valid against subsequent purchasers and the lien is avoidable.

Home Federal's position is that the deed of trust was properly recorded under Nebraska law, and puts the trustee – and any other creditors or subsequent good-faith purchasers – on notice of its existence, thereby precluding the trustee from exercising his avoidance powers. Home Federal further argues that the trustee is interpreting § 21-2617 too narrowly and that section, when considered in the context of the Limited Liability Company Act, does not limit the authority to bind the entity only to managers but permits execution by an agent to whom authority has been properly delegated.

Most of the relevant facts are uncontroverted. The issue is largely one of statutory interpretation as to whether the capacity in which Ms. Andres signed the financing documents on the debtor's behalf is sufficient to render the security interest and lien valid.

---

[1] 21-2617. Property

Real and personal property owned or purchased by a limited liability company shall be held and owned and conveyance shall be made in the name of the limited liability company. Instruments and documents providing for the acquisition, mortgage, or disposition of property of the limited liability company shall be valid and binding upon the limited liability company if executed by a manager of a limited liability company having a manager or, if management has been retained by one or more classes of members, by a member of any such class.

See also § 21-2616:

21-2616. Contracting debts

Debt shall not be contracted and liability shall not be incurred by or on behalf of a limited liability company except by a manager, if management of the limited liability company has been vested in a manager, or by a member of one or more classes, if management of the limited liability company is retained by a member of such class.

-4-

As a matter of law, the bank's interpretation of § 21-2617 prevails. The construction propounded by the trustee is too narrow. To reach the result advanced by the trustee would necessitate reading the word "only" into the statute: "Instruments and documents providing for the acquisition, mortgage, or disposition of property of the limited liability company shall be valid and binding upon the limited liability company *only* if executed by a manager . . ." (emphasized word added). The Nebraska Unicameral could easily have written the statute that way if the legislators intended that to be the statute's meaning. However, it seems more reasonable to infer that the language at issue was not intended to inflexibly circumscribe the scope of those who could obligate the entity so much as it was intended to assure third parties that such a document signed by a manager was in fact valid and binding upon the entity.

Moreover, USCB, as the debtor's manager, is a corporate entity. Acts done on its behalf necessarily must be done through its human officers and agents. That is what occurred here. Ms. Andres was duly authorized, via the consent resolutions executed by USCB and the debtor, to act on behalf of each entity in connection with the financing transaction with Home Federal. The president of USCB authorized USCB's officers to execute the documents necessary to effectuate the financing agreement, and thereafter Ms. Andres, on behalf of USCB, authorized herself, as an officer of the debtor, to borrow money, execute promissory notes, create security interests, mortgage and pledge property, and perform other actions necessary on behalf of Beatrice Biodiesel to make the loan transaction happen.

The deed of trust was properly executed by a person with appropriate and duly granted authority to act on behalf of USCB and Beatrice Biodiesel. The lien may not be set aside via the powers granted to the trustee under § 544.

IT IS ORDERED: The motion for summary judgment by Home Federal Savings Bank (Fil. #15) is granted. The motion for summary judgment by the Chapter 7 trustee (Fil. #21) is denied. Separate judgment will be entered.

DATED:      October 7, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Brian S. Kruse
    T. Randall Wright
    Thomas Ostdiek
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.